IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-43079-TLS |
| | ) | |
| DANIEL L. MASER, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

### ORDER

Hearing was held in Lincoln, Nebraska, on August 18, 2010, on Debtor's objection to claim of Susan L. Maser (Fil. #61), and a resistance thereto (Fil. #63). Ms. Maser also objected to Debtor's Chapter 13 plan, but such objection was deferred pending resolution of the objection to claim. David P. Kyker appeared for Debtor, and Joel Lonowski appeared for the claimant, Susan Maser.

*Background*

Susan Maser is the former spouse of Debtor, Daniel L. Maser. Ms. Maser filed a proof of claim in this Chapter 13 proceeding asserting a domestic support obligation claim in the amount of $77,743.41. Debtor objected asserting that the claim was not entitled to priority status as a domestic support obligation.

The parties have settled some of their differences and a stipulation has been filed with this Court with respect to the settled issues (Fil. #85). The remaining questions before this Court are whether the monetary judgment (identified in the stipulation as the "property judgment") and the attorney fee award entered in favor of Ms. Maser pursuant to the property settlement agreement and divorce decree constitute domestic support obligations entitled to priority status.

*Discussion*

Pursuant to 11 U.S.C. § 101(14A), the term "domestic support obligation" means:

[A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
    (A) owed to or recoverable by –
        (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
        (ii) a governmental unit;
    (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

    (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
      (i) a separation agreement, divorce decree, or property settlement agreement;
      (ii) an order of a court of record; or
      (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
    (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

  This definition was enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), and has an impact throughout the Bankruptcy Code on issues of discharge, the automatic stay, priorities, exemptions, the means test, and the calculation of disposable income in a Chapter 13 case. For purposes of the case at hand, discharge and priorities are at issue. Domestic support obligations are not discharged in Chapter 13 proceedings. *See* 11 U.S.C. § 1328(a) and 11 U.S.C. § 523(a)(5). Further, domestic support obligations are priority claims pursuant to 11 U.S.C. § 507(a)(1)(A). If, on the other hand, the obligation is not a domestic support obligation, it would fall under 11 U.S.C. § 523(a)(15), which obligations are not excepted from discharge in Chapter 13 cases, nor are they entitled to priority status.

  The BAPCPA amendments that added § 101(14A) and altered §§ 523(a)(5) and (15) did not change the standard for whether an obligation is in the nature of support. When deciding whether a debt should be characterized as one for support or property settlement, "the crucial question is what function did the parties intend the agreement to serve when they entered into it." *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir. 1984) (citing *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir. 1983)). In making that factual determination, the court evaluates a number of factors, including whether the agreement contains a separate provision for alimony or child support, and whether the debt is conditional. *Ahlf v. Ahlf (In re Ahlf)*, 354 B.R. 884, 887 (Bankr. S.D. Iowa 2006) (citing *Morel v. Morel (In re Morel)*, 983 F.2d 104, 105 (8th Cir. 1992)). Other factors considered include:

> [T]he relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and, whether it would be difficult for the former spouse and children to subsist without the payments.

*Ahlf*, 354 B.R. at 887 (quoting *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997)).

The divorce decree and property settlement agreement were admitted into evidence as part of the affidavit of Ms. Maser (Fil. #71). The decree incorporates the settlement agreement and specifically provides:

> That a judgment shall be entered against the Respondent and in favor of the Petitioner in the sum of $70,580.00, which judgment shall draw interest at the rate of 6% per annum from and after the date of the Decree. The judgment shall be paid as follows:
> (a)    $5,000.00 on August 1, 2004;
> (b)    $550.00 on September 1, 2004 and on the first of each month thereafter until all sums due herein shall be paid in full. In the event the Respondent shall fail to pay any installment when due then and in that event all remaining sums shall be immediately due and payable.
> . . .
> That the Respondent shall pay alimony to the Petitioner in the sum of $1.00 per year for a period of fifteen years. The obligation to pay alimony shall not terminate upon the death or remarriage of either party. In the event the Respondent shall discharge all or any portion of any sums due the Petitioner in this Settlement Agreement the same shall be considered a substantial and material change of circumstances and the Respondent's obligation to pay alimony shall be modified to provide that the Petitioner shall not receive less than the amounts due her pursuant to this Settlement Agreement.
> That the Respondent shall pay the sum of $1,000.00 toward Petitioner's attorney fees.

Under the terms of the settlement agreement, Debtor was awarded all of Ms. Maser's right, title, interest, and equity in eight parcels of residential property plus a cabin located in Dodge County, Nebraska. The money judgment set forth in the property settlement agreement mirrors the judgment set forth in the divorce decree itself, with the additional language:

> In the event the Respondent shall file a bankruptcy and discharge any financial obligation due the Petitioner pursuant to this Settlement Agreement the parties agree that alimony shall be modified to provide that the Petitioner shall not receive less than she is entitled to receive pursuant to this Settlement Agreement.

Also, as part of her affidavit (Fil. #71), Ms. Maser included copies of the pretrial memoranda that were submitted on her behalf and on Debtor's behalf during their divorce proceedings and prior to the time the property settlement agreement was entered into. At paragraph 14 of Ms. Maser's filing, the following question and answer are provided:

> 14.    If support is an issue, list living expenses for you and any minor children living with you.
> **ANSWER**:    Not applicable.

Ms. Maser did, however, list "division of assets," "division of debts," and "alimony" as issues to be tried. Debtor's pretrial memorandum listed only division of assets and division of debts as issues.

The question in this proceeding is whether the remaining debt from the judgment granted to Ms. Maser in the settlement agreement, and the award of $1,000.00 in attorney fees, should be characterized as one for support or property settlement. The inescapable conclusion to be reached from the property settlement agreement and divorce decree is that the judgment was for property settlement, not support. The decree awards virtually all of the real estate and related assets to Debtor. Prior to the execution of the settlement agreement and divorce decree, the parties submitted pretrial memoranda indicating that the division of assets and divisions of debts was going to be an issue in the proceeding. Ultimately, in the settlement, Debtor received the assets (and the equity in the assets), while Ms. Maser received the judgment. Further, I cannot ignore the fact that the settlement agreement and divorce decree awarded only $1.00 per year in alimony. If the parties had intended an additional sum in the nature of support to be paid to Ms. Maser over and above the amount she was already entitled to receive upon division of the marital assets, they would have said so. In other words, regardless of the alimony/support situation, Ms. Maser was entitled to her share of the property equalization settlement. Instead of awarding her an additional amount, they agreed that she was only entitled to alimony of $1.00 per year (apparently in an effort to preserve the alimony issue in the event Debtor discharged his property settlement obligations).

While it is true that the judgment was set up on a periodic payment basis over a number of years, thereby establishing an income stream for Ms. Maser, it was clearly for the convenience of the parties and to avoid liquidating the assets awarded to Debtor. The provision the parties inserted into the property settlement agreement and divorce decree, allowing Ms. Maser to seek a modification of the alimony award if Debtor discharged any obligations in bankruptcy, seems to support this position. First, it implies that the judgment award is subject to being discharged as a property settlement obligation. Further, it indicates that the parties determined that due to the amounts Ms. Maser would receive as a property settlement, she apparently did not need further support from Debtor. However, to the extent Debtor did not pay the property settlement, then Ms. Maser may need additional support and she expressly reserved the right to seek it. Accordingly, I find that the judgment set forth in the property settlement agreement and divorce decree is in the nature of a property settlement, and is not a domestic support obligation.

For the same reasons discussed above, I also find that the $1,000.00 attorney fee award was in the nature of a property settlement and not support. There is no evidence or other indication as to any significant disparity of income among the parties. In fact, the only evidence in that regard is Debtor's affidavit indicating that Ms. Maser's income was higher than his. There is simply no indication as to how the $1,000.00 amount was calculated. Accordingly, I will consider it to be another avenue by which the parties allocated their assets.

IT IS, THEREFORE, ORDERED that:

1. The stipulation (Fil. #85) is approved and the specified portions of Ms. Maser's proof of claim shall be treated as set forth in the stipulation; and

2. The monetary judgment portion of Susan Maser's proof of claim is in the nature of a property settlement and is not entitled to priority status.

DATED: August 26, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *David P. Kyker
    *Joel Lonowski
    Kathleen Laughlin
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.